Good morning. Your Honours, you may proceed. Paulsson's counterclaim seeks compensatory damages for a tort claim against two former directors of a Canadian corporation maintained its headquarters in Braga, California. Appellants' briefs and the authorities cited there show that Paulsson's claim is transitory, not local, and as such it can be brought in any court of competent jurisdiction, including the United States District Court for the Central District of California. Under what law does the claim arise? The claim is a claim for breach of fiduciary duty, Your Honour, and it's based on the substituent... Based on the law of Alberta, Canada? That is correct. And you describe this as a transitory claim, but what does the law of Alberta, the statute applicable to this type of claim say about jurisdiction and venue? Well, the Alberta statute contains an exclusive jurisdiction provision, no doubt about that. Is that consistent with your proposition that this would be a transitory claim that could be brought anywhere? Yes, it is, Your Honour. How so? Well, a transitory claim is a claim that deals with... Well, tort claims are transitory claims. Yes, this is a... This is not a common law tort, you have a statutory claim here. Yes, Your Honour. This is a claim under a statute, without the statute... I mean, you're not suing without the statute, you're suing under the statute, right? The Alberta statute. Yes, that is true. And that statute provides for a single venue, single jurisdiction, right? That is true, Your Honour. So is that consistent with being a transitory claim? Yes, it is. Again, how so? Well, because of the nature of a transitory claim, Your Honour, not because of what the statute of Alberta says. Well, can a statute that creates a cause of action also define it as non-transitory? I mean, you're not bringing a common law tort here, you're bringing a statutory claim. And the statute says, we all agree, the statute says it must be brought in Alberta. So if it's a statutorily-based cause of action, doesn't the statute define whether it's transitory or... what's the opposite of non-transitory? Local. Local. Well, the case of Tennessee Coal says that a state cannot create a transitory cause of action and at the same time destroy the right to sue on that transitory cause of action in any court having jurisdiction. That jurisdiction is to be determined by this court. What was the cause of action at Tennessee Coal? The cause of action in Tennessee Coal was a gentleman injured by a piece of defective machinery. Right. Now, his claim was a common law claim, was it not, for... His claim was a claim under an Alabama statute that had an exclusive jurisdiction provision in it. I understand, but wasn't his underlying claim one that he would have been entitled to bring in the absence of the statute? That's what I'm wondering. In other words, I think what Tennessee Coal tells me is, California, you can't say to negligence plaintiffs, you can only bring your case against California residents in California. But if California creates a statutory cause of action, can it limit that statutory cause of action to its courts? That's the question in this case. I'm not sure I know the answer yet. Don't look surprised. That's the question we're about. That's a central issue in this case. The court in Randall said no to that question, Your Honor. What was the cause of action in Randall? The cause of action in Randall was an employment termination claim, a wrongful termination claim that was based on a Saudi Arabia statute that had an exclusive jurisdiction provision in it. And what the Randall court said clearly was that Saudi legislature cannot create a transitory cause of action and eliminate the right to bring it in a court of competent jurisdiction. What did it say that the Saudi legislature can't prevent the plaintiff from suing from wrongful termination, even if Saudi law is applied in the United States? In other words, what gives me some pause here is that this statute creates a very special cause of action. The claim you're making under it seems to be rather familiar to us because it looks like a derivative claim. But the cause of action it creates involves supervision of the corporation. Remedy is very extraordinary. It seems to me almost like a state insurance commissioner taking over an insurance company. That's the kind of thing you would require the state commissioner to do. So why is this special claim one that you can bring in California? Well, I would say, Your Honor, that it's not a special claim. It's a claim that we're simply seeking money damages remedy. We're not asking for an order, a judgment rather, that would get into the operations or management of the corporation. In fact, we're not suing the corporation at all. We're making that claim against the directors of the corporation. But the statute allows for that type of relief. The statute allows for relief. It's quite extraordinary. That goes to the management and operation? Yes, it does. But it also allows a remedy for money damages. But they both arise from the same statutorily created cause of action, right? That is true, Your Honor. And this is a corporation's statute that has to do with the rights and liabilities of fictitious persons in the first instance, although the directors are not fictitious certainly, but created by Albertan law. And then this statute determines what the rights and liabilities are of the fictitious persons it's created. Is that not correct?  If the district court was wrong in thinking that it lacked jurisdiction, should we consider whether it should have dismissed under forum nonconvenience? In other words, the application of this statute is within the particular expertise of the Alberta courts. Whether or not the district court had jurisdiction, doesn't the case really belong there? That's not a refined legal question. It's a question of should the district court have sent it there even if it didn't, even if it had subject matter jurisdiction? Well, Your Honor, to be frank, I have not analyzed the case. I mean, that's what sort of leaps out when you look at this case, which is that even if you're right that the district court had jurisdiction, we're asking a California district judge to apply a statute that only gets applied in Canada by one court, the court of Alberta. And so doesn't it belong there? I must admit I can't put a legal theory on it, but I'm asking you that question. Well, the company was headquartered and operated in California. So in terms of witnesses and evidence in a forum nonconvenience, from that point of view, clearly I think if a motion for dismissal under forum nonconvenience had been brought, we could have defeated it by demonstrating that the witnesses and the evidence are here in California. And so I don't think that forum nonconvenience would have resulted in this case being dismissed. But since this is a derivative suit, the injury alleges to the corporation, right? No, the injury was alleged to have occurred to the shareholder. Shareholders of the corporation, right. So the shareholders are bringing it on behalf of the corporation, correct? Well, Paulson was the sole shareholder. Yes. Yes. So it's a little strange in this case, but it's one and the same. Okay. I'm sorry. I didn't mean to get you off track. A little bit of a question as to standard of review. The district judge received expert evidence on the foreign law, right? That is true. And he followed that foreign law, right? Yes. Now, do we review that question of foreign law de novo, or do we review that like a finding of fact with discretion to the district judge? I believe that you review that de novo, Your Honor. Do you have authority for that? Yes, I do. Okay. Thank you. Maybe if you save a minute for rebuttal, you could let us know what it is. Yes, I know that. That's fine. Yeah. I had a question about the record. As I read the record, there was no contrary affidavit on the law in Canada. Am I wrong on that? Just the one expert. Just the one expert? Yes. So it's not a question of disputes between two experts? No, Your Honor. Okay. But the difficulty is that that expert was an expert in the law in Alberta and didn't know anything about California law, right? That is true. He did not consider the California Corporation Section 2116. So let me ask this question. Because it was a California-based corporation, even though it's a Canadian corporation, could you have brought a derivative action under California law? You didn't. But could you have? I don't know the answer to that question. I mean, we're here in part because you chose, probably for very good reasons, to style your cause of action under Canadian law. But it looks a lot to me like a classic derivative action. And I guess my question is, Canadian law might well apply to the derivative action, so you might well get to that step anyway. But our problem arises because you did style your action as one under Canadian law. And so I'm trying to figure out whether or not we're just elevating form over substance here. Are we? I believe that you are, Your Honor. I think that the California Statute 2116 says that the substantive law of Alberta would be applied, but that the case could be brought here in California. Not seeking the remedies that 242 provides. Well, not seeking all of the remedies. Well, see, but you can't let both ways. You can either seek California remedies, in which case a district court in California has full power to give them to you, if they're available, or you can seek Alberta remedies, which Canadian law says are only available from a court in Alberta. And that's the problem I'm having, it seems to me. Because you called it an Alberta case, that's why we're here. If you called it a California case, we might have a different issue in front of us. I'm not sure there was a question at the end of that. That's what I was waiting for. My question was, you answered my initial question, which is that you didn't bring a California derivative claim. You brought an Alberta 242 claim, correct? Yes. Okay. Great. Would you like to reserve the remainder of your time? Yes, please. May it please the Court. I think the Court has picked up on the issue here, which is, what kind of claim is this? Is this the Tennessee, Cole, Randall kind of claim, which is kind of a tort claim that's universally recognized? Or is this a unique claim that has been created by a legislative body that vests jurisdiction only in that jurisdiction's court, which was the case with the 242 claim. It's the Queen's Court of Alberta. I want to ask you a prefatory question on this, which is that the district court dismissed for absence of subject matter jurisdiction. There's no doubt that there was 1332 facial jurisdiction here, right? Correct. Diversity. What exception to the, I mean, I know about the domestic relations exception, and I know about the probate exception. What exception, what recognized exception to diversity jurisdiction leads the district court to lack it in this case? It seems to me much more, your argument is much more the court lacks the ability to give the remedy he wants, and therefore it fails to state a claim or something like that. Why is this absence of subject matter jurisdiction? Well, Your Honor, I would liken it to, I think Your Honor actually gave an analogy of, this is like an insurance commissioner type thing. If parties who are diverse in citizenship attempt to bring rights and remedies that are created by state administrative law, for example, there would be diversity of citizenship jurisdiction, but the court would dismiss it for lack of subject matter. Well, would the court dismiss for lack of subject matter jurisdiction? It may not be of any event to you, but I'm trying to figure out how we deal with this case. Wouldn't the court say, gee, if what you're asking for is the Tennessee insurance commissioner to take over this company, you have failed to state a claim upon which I can grant relief, as opposed to I lack jurisdiction to consider your claim. Two issues, Your Honor. I think to give Your Honor a case, I think it's the Pollard exception. That's the Supreme Court case where there's a state bank created by the state of Alabama, and that charter for the bank created by the legislature has various remedies in the event that one of the shareholders sues. Now, what the shareholder did was he sued in the Middle District Court of Alabama, the federal court, and that made its way up to the Supreme Court. The issue was does the federal court have jurisdiction to entertain an action for damages here, and what the Supreme Court said is because of the – this gave rise to the language which the Taylor and the Blanchard cases we cited picked up on, which is where the right and the remedy are so united, only the forum creating that right can apply. So it's the Pollard exception, Your Honor, and when you look at – and I think the court's already discussed it – when you look at what the Queens Court of Alberta can do pursuant to this Section 242 claim, the claimant doesn't get the right to elect. What the statute says is the court may make whatever order it sees fit. So is this your response – forgive me for interrupting – but is this your response a minute ago when I asked opposing counsel about this extraordinary remedy of basically taking control of a corporation by a court? Correct, Your Honor. Not by a trustee, but by a court. His response was we're not seeking that remedy, and what you're telling me, it sounds like your response is that you're reading the statute to be that they don't get to make that decision. Correct, Your Honor. And there are – there's, I believe, one provision that provides for monetary relief, but it's pendant to the equitable powers of the court. For example, the court can give, you know, rescissory damages, can give back the money that was tendered for the share, can put the parties back in the same position they were. But the court has all sorts of other powers, like reforming the corporation, changing the bylaws, and this claim can only be brought to a bench in this case. There's no jury trial for this. So getting back to this notion, because the case law talks about this right and remedy being so intertwined, can you flesh that out for me, please? Yes, Your Honor. This is a – and just to be clear, Mr. Paulson did originally bring a claim for breach of fiduciary duty. He non-suited that and ultimately settled on this claim, which I think there may be some confusion. This is not actually a derivative claim. It looks a lot like one, though, doesn't it? I think the question – the point was that it sort of feels like that, but we understand the procedural posture of the case. Correct, Your Honor. He actually did bring a derivative claim but didn't fulfill the procedural requirements and drop that. But to answer Your Honor's question, I mean, this is – and I would liken it to essentially a regulatory agency. This provision of the statute is kind of a residual right that a shareholder can bring in the Queens Court of Alberta, which has the jurisdiction and power to regulate its corporations. But that's sort of restating the question. That's the part we do understand. So for my part, I'm trying to figure out this notion about what makes it so – the right and remedy so intertwined. Is it the verbs in it? Is it the fact that once this is invoked, they don't get to choose what the court's going to do, that there's a laundry list essentially – forgive my slang – of remedies that the court will decide in its equitable powers? Is that it? Yes, Your Honor, because this actually – this claim can't even be brought anywhere else in Canada. No, I understand that, but it's a different question I'm asking. And I think the answer is what we discussed earlier, Your Honor, which is the court has the power to reform the corporation, has the power to bring the corporation in line with what it thinks the policies of Alberta should be. That's the extraordinary remedy, and we started our oral arguments with that. We appreciate that, because for us that feels very foreign, the idea that a court would step in and control a corporation. Very foreign. But I'm trying to figure out what makes these so intertwined. And it sounds like – but I don't want to put words in your mouth. It sounds like your response is that they don't get to sever and indicate that they're only invoking the access to the remedies that feel a whole lot more comfortable for California and more traditional to a California action. Correct, Your Honor. And I think that the basis for the cause of action kind of gives rise to that, because it's very vague and generic. It says on application a shareholder may essentially complain about inequitable conduct, to summarize the statute. And so I think that gives the Alberta court under that right of action broad discretion. Well, complaining about inequitable conduct sounds very American, actually. But can you tell me about the part – where's this part of the statute where it says that you can't uncouple the remedy? Could you just cite me? It's attached to one of the experts, and there were two experts, actually. We had one, and the court-appointed expert agreed with him. But it's on page 15 of the appellee's excerpts. Okay. It begins – I'm just going to read it, Your Honor. And what it says is, in connection with an application under this section, the court may make any interim or final order it thinks fit, including without limiting the generality of the foregoing, and then it's got the laundry list. Okay, thank you. So I guess I'm interpreting that statute to mean, Your Honor, that the court sitting in equity here in Alberta has the power to do any of these. Having the power to do is quite different than saying the court isn't compelled to use the whole, if you would, laundry list. What is it that says the court couldn't say only that part is applicable, which we can do in California, as opposed to the rest of it? Well, it says any or all of the foregoing, Your Honor. So I think the court is limited to the laundry list. No problem. They're limited to the laundry list. Can they limit themselves to part of the laundry list? Can they limit themselves? Can the plaintiff, by our this time counterclaimant, limit the court to only part of the laundry list? As I read the statute, Your Honor, I would say no, because this is – I mean, depending on the nature of the wrong, and again, the way the statute is worded, it's kind of amorphous as to what – you can bring claims under just about anything, almost like a justice of the peace or something, due equity, and then the court would have the power to tailor the remedy according to whatever this wrong is. So is your argument that the plaintiff can't limit the court's power? In other words, it can't go to – it couldn't go to the Canadian court and say we're only here looking for damages. I don't – no other remedy that you might think appropriate works, because the court could say, I don't think damages are what you ought to get here. What you ought to get is an order restraining these directors from future conduct, which is one of the things here, or an order for a dividend or something like that. Is what you're saying that the plaintiff can't say, look, I only want one part of this statute, and therefore it really doesn't matter because the California court can give me that part in its traditional remedies. Do you see what I'm saying? And it's the same question Judge Santella is asking, I think. Can you – can the plaintiff say, I understand there's some things here that only an Alberta court can do, but I don't want those. I just want money, and California courts are really good at giving money, and so why do I have to go to Alberta to bring this claim? Well, Your Honor, because in addition to the remedies that are available to the court, and even assuming for the sake of argument that Your Honor is correct, that a claimant could limit what recovery they might be entitled to by stipulating to that, the Alberta – the Queens Court of Alberta has an interest and has the knowledge, and maybe this kind of goes to what the court was discussing earlier about, you know, why would this not be a form of nonconvenience issue, assuming there was subject matter. This court is uniquely qualified in the same way that a state administrative agency might be uniquely qualified to determine whether there were wrongful acts under this particular statute. It's not – it's not as though he's brought a claim for, say, breach of loyalty, or there's been misappropriation of funds. That's something that would be in the species of a transitory cause of action. What he's complaining about here is you have done something wrongful within the meaning of this statute that by its face only vests jurisdiction in the court of Alberta to determine whether, in fact, it was wrongful. So how is that different than the Saudi case in which somebody in the United States says, I was inappropriately terminated. The court says, well, the law that applies to your termination is Saudi, but we're not going to make you go there to try the case, even though the law that applies to your termination has the same kind of clause that's here. How is your case distinguishable? Well, in the Randall case, Your Honor, they examined it and determined it was procedural and not substantive. It was a wrongful termination claim, and what the court determined – the court determined a few things. One is that there are some circumstances – there were some circumstances under Saudi law that those claims could be brought elsewhere. This was also between two U.S. citizens, so the court determined it had an interest in adjudicating that employment dispute. But really it's the transitory, kind of universally applicable nature of that claim. It's a wrongful termination claim. And I think it would be no different than here, or if a foreign court were applying U.S. law, we have some procedural provisions that allow only certain claims to go to the federal court. Is there a difference between – and I'm struggling with this – is there a difference between a claim brought on the basis of foreign law and a claim to which we apply foreign law? In other words, if we chose – if your clients brought this as a derivative claim, the California court would probably apply Canadian law to the duties of the directors, at least I think it would, as a choice-of-law matter. Here, the other side is bringing what's expressly a statutory Canadian claim. Is there a difference between choice-of-law and choice-of-remedy, choice-of-statute to sue under? Well, I think the first issue is what is the choice-of-law, and I think what the Randall case says is that other jurisdictions can't sort of carte blanche restrict a federal court subject matter jurisdiction. We'll choose some of their law, but not all of it, right? Correct, Your Honor, and I think what the exception here – and as a general rule, I would agree that other jurisdictions cannot limit a federal court subject matter jurisdiction, but that's where the Pollard exception comes in, and there's actually a Minnesota case – That's the closely tied right and remedy. Correct, Your Honor, and actually there's a case, N. Ray Nuveen, it's called. It's from the Northern District of Illinois, and that case is interesting because there was a shareholder claim brought under Minnesota corporate law, and in that statute, the Minnesota statute, it says that it has to be brought in the court, a court in this state, and so the Northern District says we don't have jurisdiction. So that's an application, I think, of the Pollard Doctrine by a federal court. So to answer your question, Your Honor – But the Pollard Doctrine was, as I recall, applied by a state court. The Pollard Doctrine, Your Honor? Yes. It's a Supreme Court – Oh, I thought you were thinking of the Supreme Court of Delaware case. I'm sorry. No, Your Honor, that's the Taylor – They're sort of in the same line. Yes. Were you trying to ask a question? Did we interrupt you? Just taking you back for a moment to the question of the diversity jurisdiction and whether 12b-1 is the appropriate engine here, even if we determine that it's not, we can affirm a district court ruling on a basis other than what the district court rules. So would this be a 12b-6 question, then, as to whether there is a cause of action as to which the court can grant relief so that we can affirm the dismissal but on a different basis? Is Your Honor asking me whether it's appropriate for the court to do that? Yes. I believe so, Your Honor. I think the court can affirm on any basis that's evident in the record. Okay. Thank you.  No. Thank you, Counsel. Thank you, Your Honor. So, Counsel, would you – because I made a mistake in talking to your opponent, but I am interested in your answer to the Taylor case, which seems to be, although not binding on us, quite well reasoned. Why is it wrong? Well, the Taylor case isn't necessarily wrong, but it's wrong for this case. And the reason is, again, because of the relief that we seek. We're seeking money damages for the director's breach of their fiduciary duties in the Taylor case. The plaintiff there was asking for the court to issue a judgment that would require the corporations to change their pricing strategy that they were meant to adopt with the supplier and to decide whether proxy purchases at a certain price were fair. And that gets back to the question we were asking your colleague, which is that do you get to choose? In other words, when you sue under a statute, let's assume the district judge in this case looks at the evidence and says, you know, damages wouldn't really be the remedy I would give under California law, the remedy I would – or Alberta law – the remedy I would give. And you see that laundry list in 242. So what you've done is to tell the court what remedy it must give among a group of other remedies that if the court thought they were appropriate, it would lack jurisdiction to give. Can you do that? Well, that's what our prayer for relief asks for, Your Honor, is on the breach of fiduciary claim we ask for money damages. Well, what if you brought this into – But the statute isn't structured that way, and I've just pulled it up here, and the laundry list is A through – it's a very long laundry list. And it doesn't seem to – opposing counsel's argument, as you heard, is that once this is triggered, the court has all of these options. So what's your response? What limits the court? Well, I would say, Your Honor, that what limits the court is what the plaintiff – or the counterclaimant here is asking for. So if you went into court in Alberta, you brought this case in Alberta, and you said I'm suing under 242, but, Judge, I don't want any remedy except money. Money. Could the judge say, well, thanks, but you brought a 242 action, so I'm going to apply A through N instead? Or would he be limited to what you asked for? The court would be limited to what I asked for, Your Honor. What limits her? Thank you. I hate to say he or she, and if you call the court it, it sounds like it's a machine. That's all right. Just a subtle reminder. But what limits her? There are a couple of male judges around, but what limits her? What limits her in this case? What limits the court? Thank you. Could I ask sort of an ancillary question? I don't suppose we're lucky enough that anybody asked the expert this question. Did the expert opine on that anywhere in his report? I don't believe so, Your Honor. In that case, my colleague's question is what limits the court? Would you want a California judge to be able to act the same way an Alberta judge would act? And would the Alberta judge say, well, thank you, counsel, for seeking only damages, but I'm going to take over the corporation guy or gal? And that's my question. If you're really saying you can transport this cause of action to California, don't you have to be able to argue that you can transport the whole cause of action and just not the parts you like? That may be, Your Honor, but our claim is against a dissolved corporation. So the possibilities of these kinds of remedies don't arise. There's nothing to take over. Is that your argument? Yes. There's nothing to take over. There's no reformation to take place. There's no management or operational decisions that this corporation undertook that we're asking or that we could possibly undo. We're asking simply for money damages against the directors. The corporation is dissolved. It's no longer operating. And it wasn't operating at the time we brought our counterclaim. You're out of time. Thank you so much, counsel, and both of you. We'll submit that case as well.
judges: Sentelle, Christen, Hurwitz